Mr. Justice James
delivered the opinion of the court.
The plaintiff alleges that the District of Columbia had constructed a sewer and afterwards had made a dam across a stream of running water, so that in connection with the defective sewer it caused the overflow of the plaintiff’s property. It appeared that this construction had been made some ten years before the suit had been brought and the statute of limitations was pleaded.
At the trial a witness was asked what injury was done to the property. That question was objected to because it covered injuries done during the time excluded by the statute of limitations. This objection was overruled, and the witness answered that the house was injured to the extent of about one thousand dollars, and that he had lost the use and occupation of certain parts of his property, which were worth certain sums per month. The court afterwards instructed the jury that the recovery could only be had for injuries accruing within the last three years. That cured the error in allowing testimony as to injuries before that time, so far as the rents were concerned. The rent falling within the three years could easily be found by calculation. But the error of admitting proof that the house had been injured to the extent of about one thousand dollars, without showing when that injury accrued, and without showing any means *93 of dividing the injury suffered within the last three year’s from the injury suffered before, was not cured by this ineffectual instruction.- On such testimony as that, it was impossible for the jury to find out the amount of injury suffered within the last three years,' and to that extent the admission of the testimony furnished them a false basis; and manifestly misled them. '
There is another reason why this judgment may not stand. The declaration charges that the injuries complained of arose partly from the defective construction of the sewer and partly from the dam which stopped a natural water-course. Therefore the verdict and the judgment were based upon two claims ; one of which, namely, the defective construction of the sewer, is not a ground of action, unless it is shown that the District was guilty of carelessness, either in the selection of the engineer or in the selection of a plan ; and on this latter point no evidence whatever was offered.
The judgment is therefore reversed, and the case remanded for a new trial, with leave to the plaintiff to amend.